ellzey v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-296-CR

DAVID C. ELLZEY A/K/A DAVID C. ELLERY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

David C. Ellzey, a/k/a David C. Ellery, appeals his conviction by a jury of the offense of aggravated robbery with a deadly weapon.  The court assessed his punishment at forty-five years in the Texas Department of Criminal Justice, Institutional Division.  He contends in a single issue that he was deprived of effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and article 1, section 10, of the Texas Constitution.  We affirm.

Appellant complains of the following errors on the part of his counsel:  (1) failing to object to testimony of a detective concerning the degree of certainty by which the victim identified him from a photographic array; (2) failing to object to the detective’s testimony that, once the victim identified the appellant, identity was no longer an issue; (3) failing to object to testimony by the detective that he attempted to speak with appellant following his arrest and that he could not make the defendant tell him who other actors in the offense were;  (4) failing to object to testimony by the detective that he discovered appellant’s name in a criminal history record; and (5) failing to object to testimony by a witness that appellant had threatened to kill him and his wife. 

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation in the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly grounded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070. 

In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.  
Thompson
, 9 S.W.3d at 813-14.  Where, as here, the record is silent as to counsel's reason for failing to object, an appellant fails to rebut the presumption that this was a reasonable decision.  
Id.
 at 814.  Consequently, appellant has failed to show that his counsel's performance was deficient.

Appellant urges that there could not have been any trial strategy involved in failing to object to the evidence of which he complains, but, after examining the record with respect to each of those matters, we disagree and conclude that his suggestion amounts to no more than speculation.  We overrule issue one.

The judgment is affirmed.

PER CURIAM

PANEL F: JOHN HILL, J. (Retired, Sitting by Assignment); CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 10, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.